

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Van Haile McFarland
County Attorney
Maverick County
Eagle Pass, Texas

Dear Sir:

Opinion No. O-1021
Re: Power of a county to assume
various functions of a muni-
cipal corporation which has
been dissolved.

In your letter of recent date you inquire with ref-
erence to the procedure for the abolishing of the corporate
existence of a municipal corporation, but you correctly ans-
wer that question by reference to the statutes controlling.

You then ask the following questions:

"(1) Can the various functions of the
city which has been dissolved be taken up
and continued by the county?

"(2) Can the county become the owner
of public utilities in the event there be
no city to own them?"

These questions received the attention of our Su-
preme Court in Sun Vapor Electric Light Co. v. Kenan, 30
S. W. 868, in an opinion by Chief Justice Gaines. In that
opinion Mr. Justice Gaines said:

"The powers which the Commissioners'
Court may be compelled to exercise are de-
fined in the Constitution in the follow-
ing language:

'The County Commissioners

pose the County Commissioners'
Court, which shall exercise such
powers and jurisdiction over all
county business as is conferred
by this Constitution and the laws
of the State or as may be here-
after prescribed.'  Article 5,Sec.
18.

"The powers which the Legislature may re-
quire them to exercise are confined by this
section to county business, and we think it
clear that the administration of the effects
of a dissolved corporation and the payment
of its debts are not such business."

In Edwards County v. Jennings, 83 S. W. 585, the
court said:

"Counties, being component parts of the
State, have no powers or duties except those
clearly set forth and defined in the Consti-
tution and statutes."

In view of these holdings of our courts, we answer
both of the above questions in the negative.

This conclusion, we think, is further supported
by Article 9, Sec. 3 of our State Constitution, adopted in
1933, which permits counties of this State to adopt "Home
Rule" charters, and authorizes the very powers inquired about,
thus making clear that such power had not theretofore been
given and making that method exclusive.  This section of the
Constitution applies to counties having a population of
62,000 or more, but it especially provides that the Legisla-
ture may authorize counties of less population to come under
the provisions of the Act by the procedure set out in
the section.

Yours very truly

ATTORNEY GENERAL OF TEXAS

ASR-MR  APPROVED JUL 5, 1939

BY            A. S. Rollins
                  Assistant
W. F. MOORE
FIRST ASSISTANT
ATTORNEY GENERAL           APPROVED OPINION COMMITTEE
                           BY   R. W. F., CHAIRMAN